UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GEORGE LAMPOS<br>3130 Kreighbaum Rd., NW<br>Uniontown, Ohio 44685<br><br>on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>CHARTER COMMUNICATIONS<br>c/o Statutory Agent Corporation Service Company<br>1160 Delaware Road, Suite 400<br>Columbus, Ohio 43215<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff George Lampos, by and through undersigned counsel, and for his Complaint against Charter Communications ("Defendant" or "Charter"), states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

5. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Summit County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At all times relevant herein, Defendant was a for profit corporation, organized and existing under the laws of the State of Delaware.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

12. Defendant employed Plaintiff between 2004 and June 26, 2024 as a customer service agent at its Canal Place call center, 530 S. Main St., Suite 1751, Akron, Ohio.

13. Other similarly situated employees were employed as customer service agents at Defendant's Canal Place call center.

14. Defendant classified Plaintiff and other similarly situated employees as non-exempt employees.

15. Defendant paid Plaintiff and other similarly situated employees on an hourly basis.

16. Defendant paid Plaintiff and other similarly situated employees commission bonuses depending on the amount of their sales.

17. Plaintiff and other similarly situated employees frequently worked over 40 hours per week.

18. Plaintiff worked on average over 40 hours each week.

### Failure to Pay For Time Spent Starting and Logging Into Computer Systems, Applications, and Phone System)

19. Plaintiff and other similarly situated employees were required by Defendant to perform unpaid work before clocking in each day, including, but not limited to, starting, booting up, and logging into Defendant's computer systems, and numerous software applications. The final application that had to be run was Avaya which handles the incoming calls for the customer service agents.

20. The Avaya application tracked the customer service agents calls and also tracked their time.

21. The customer service agents were not paid until the Avaya application was up and running.

22. By common policy and practice, Plaintiff and other similarly-situated employees were required to have their computers booted up and have several applications running before the start of their shifts so that they could take their first call promptly upon commencing work at their scheduled start times.

23. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly situated employees as "hours worked."

24. Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

25. Plaintiff estimates that they spent approximately 10 to 20 minutes before their shifts start times clocking in each day, including but not limited to starting and logging into Defendant's computer systems, numerous software applications, and phone systems.

26. This unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

27. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in before they began booting up Defendant's computer systems, applications, and phone systems.

28. This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

29. Starting and logging into Defendant's computer systems, numerous software applications, and phone systems is an intrinsic element of their job duties. Plaintiff and other similarly situated employees cannot dispense with these tasks if they are to be able to perform their

work.

30. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other similarly situated employees. They could not perform their work without booting up Defendant's computer systems, applications, and phone systems.

31. Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated inbound sales representatives for starting and logging into Defendant's computer systems, numerous software applications, and phone systems, during which they performed work that managers and/or other agents and/or representatives observed.

**(Failure to Pay Overtime Compensation)**

32. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

33. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

34. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other similarly situated employees before clocking in each day.

35. The amount of time Plaintiff and other similarly situated employees spent on their required and unpaid work before clocking in amounted to approximately 10 to 20 minutes when Defendant's computer systems were working properly, or longer when Defendant's computer systems were slow or not working.

**COLLECTIVE ACTION ALLEGATIONS**

36. Plaintiff brings Count One of this action on him own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

37. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All former and current call center employees employed by Charter Communications in Ohio at any time between the date of the filing of this Complaint and the present.

38. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief avers that it consists of several hundred persons.

39. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests, as well as his own, in bringing this action.

40. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3)

on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All former and current call center employees employed by Charter Communications in Ohio at any time between the date of the filing of this Complaint and the present.

42. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least one thousand persons.

43. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

(a) whether Defendant failed to pay overtime compensation to its manufacturing employees for hours worked in excess of 40 each workweek; and

(b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. § 4111.03 and § 4111.10.

44. The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

45. Named Plaintiff will fairly and adequately protect the interests of the Ohio Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

46. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine

Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

50. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

51. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 CFR § 516.2(a)(7).

52. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

53. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the OMFWSA, R.C. § 4111.03.

56. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

57. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes he represents actual damages for unpaid wages;

D. Award Plaintiff and the classes he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Robert B. Kapitan*
Robert B. Kapitan (Ohio 0074327)
Anthony J. Lazzaro (Ohio 0077962)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
robert@lazzarolawfirm.com
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

                                              /s/ *Robert B. Kapitan*
                                              Robert B. Kapitan (Ohio 0074327)

                                              One of Plaintiff's Attorneys